1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

**TRIC TOOLS, INC.,**

**Case No.: 12-CV-3490 YGR**

11

**Plaintiff,**

**ORDER DENYING MOTION TO STAY LITIGATION PENDING PATENT REEXAMINATIONS**

12

**vs.**

13

**TT TECHNOLOGIES, INC. AND TRACTO-TECHNIK GMBH & CO., KG, *et al.*,**

14
15

**Defendants.**

16        Plaintiff Tric Tools, Inc. ("Tric") brings this patent infringement action against Defendants

17   TT Technologies, Inc. ("TT") and Tracto-Technik GMBH & Co., KG ("TT Group").  Plaintiffs

18   allege that Defendants sell products that infringe on Tric's patents.

19        Defendant TT has filed a Motion to Stay Litigation Pending Patent Reexaminations on the

20   grounds that there are four ex parte reexaminations of Tric's asserted patents pending before the

21

22   United States Patent and Trademark Office ("PTO") which TT believes may dispose of or

23   substantially narrow the issues in this action.

24        Having carefully considered the papers submitted and the pleadings in this action, and for the

25   reasons set forth below, the Court hereby **DENIES** the motion.[1]

26
27
28

---

[1]  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.  Accordingly, the Court **VACATES** the hearing set for **November 6, 2012**.

I.      **BACKGROUND**

Tric alleges that it is the owner of United States Patents 6305880, issued October 23, 3001, 6524031, issued February 25, 2003, 6793442 issued September 21, 2004, and 6799923, issued October 5, 2004.  (Complaint, Dkt. No. 1, ¶17.)  It further alleges that 6524031 was reexamined and determined valid by the PTO on March 18, 2008.  (*Id.* ¶18.)  The patents concern trenchless pipe replacement devices and methods.

Plaintiff Tric filed its complaint July 3, 2012.  Defendant TT answered the complaint and filed its counterclaim on September 7, 2012.  One week later, TT filed four petitions for reexamination with the PTO concerning each of the four patents at issue.  Tric filed its answer to the counterclaim on September 28, 2012.

II.     **STANDARD APPLICABLE TO THE MOTION**

"A patent is presumed to be valid, and this presumption only can be overcome by clear and convincing evidence to the contrary." *Enzo Biochem, Inc. Gen–Probe Inc.,* 424 F.3d 1276, 1281 (Fed.Cir.2005) (citation omitted).  However, "[a]ny person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art...." 35 U.S.C. § 302. A district court has the discretion to stay judicial proceedings pending reexamination of a patent.  *See Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426–27 (Fed.Cir.1988); *Viskase Corp. v. Am. Nat'l Can Co.,* 261 F.3d 1316, 1328 (Fed.Cir.2001); *Amado v. Microsoft Corp.,* 517 F.3d 1353, 1358 (Fed.Cir.2008).

In determining whether to grant a stay pending reexamination, the Court considers: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.  *See Telemac Corp. v. Teledigital, Inc.,* 450

F.Supp.2d 1107, 1110 (N.D. Cal. 2006); *In re Cygnus Telecom. Tech., LLC Patent Litig.,* 385 F.Supp.2d 1022, 1023 (N.D. Cal. 2005).

A court is under no obligation to delay its own proceedings on account of a PTO patent reexamination, regardless of their relevancy to infringement claims which the court must analyze. *See Vikase Corp.,* 261 F.3d at 1328.  There is no *per se* rule that patent cases should be stayed pending reexaminations, because such a rule "would invite parties to unilaterally derail" litigation. *Soverain Software LLC v. Amazon.Com, Inc.,* 356 F.Supp.2d 660, 662 (E.D.Tex.2005).

## III.     DISCUSSION

### A. Stage of the Litigation

A stay sought in the early stage of the litigation generally weighs in favor of granting a stay pending reexamination.  *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.,* 33 U.S.P.Q.2d 2022, 2023 (N.D.Cal.1995) (holding that the absence of "significant discovery" or "substantial expense and time ... invested" in the litigation weighed in favor of staying the litigation); *see also ASCII Corp. v. STD Entm't USA, Inc.,* 844 F.Supp. 1378, 1381 (N.D.Cal.1994) (granting stay where parties had undertaken little or no discovery and the case had not yet been set for trial).

Here, no initial case management conference has yet occurred, no pretrial schedule has been entered, no discovery has been taken and no dispositive motions have been filed.  The relatively early stage of the case thus weighs in favor of a stay.

### B. Simplification of Issues and Trial

The second factor examines whether a stay will simplify the issues in question and trial of the case.  Here, only requests for reexamination have been made.  The PTO has not granted any of those requests.  Whether any PTO proceedings will even go forward remains to be seen.  The outlook becomes even dimmer considering that the PTO granted reexamination and upheld many of the claims in Patent 6524031 as recently as March 18, 2008.

United States District Court
Northern District of California

Moreover, it is not clear that any PTO reexamination would limit or simplify the issues before the Court in this action.  "The reexamination process considers only the validity of the subject patent with regard to prior art; the PTO does not analyze counterclaims or other grounds for patent invalidity."  *ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826 F.Supp.2d 348, 351 (D. Mass. 2011).  Thus, any reexamination by the PTO here would not eliminate claims based upon other grounds for invalidity, or resolve all issues raised in TT's counterclaims.  Further, Defendant TT would still be free to raise all the same invalidity contentions here once the reexamination was concluded.  Under 35 U.S.C. § 315(c), only *inter partes* reexaminations, not *ex parte* reexamination as requested by Defendant TT here, result in estoppel with respect to later litigation.  *See AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1053 (N.D. Cal. 2011).

## C. Prejudice and Tactical Concerns

The third factor examines whether a stay would unduly prejudice or present a tactical disadvantage to the nonmoving party.  Although the "likely length of reexamination, is not, in itself, evidence of undue prejudice," the possibility of a lengthy delay may suggest it.  *See Telemac Corp. v. Teledigital, Inc.,* 450 F.Supp.2d 1107, 1111 (N.D.Cal.2006).  Other considerations include whether the parties are direct competitors such that delay might result in harm to the non-moving party in the marketplace that is not readily compensable by a damages award.  *ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826 F.Supp.2d 348, 351 (D. Mass. 2011) (where parties are direct competitors, "courts presume that a stay will prejudice the nonmovant."); *Allergan Inc. v. Cayman Chemical Co.*, 2009 WL 8591844 at *1(C.D. Cal. 2009) (denying stay partly because parties are direct competitors); *Nat'l. Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 2010 WL 8923337 at * 1 (E.D. Tex. 2010) (denying stay because parties are direct competitors).

1  Again, only requests for reexamination have been made.  The PTO has not granted any of

2  those requests.  Seeking a stay at this juncture is, at best, premature, and, at worst, an indicator of a

3  tactical delay strategy.

4  Moreover, Plaintiff Tric offers evidence that TT is a direct competitor.  While TT's CEO

5  indicates that the competition is not significant and is only a small part of TT's overall annual sales,

6  that does not undermine the argument that a delay in resolution of the litigation could result in

7  significant harm to Tric in terms of developing a market for its products.

8  **IV.    CONCLUSION**

9  Taking into account the factors, and in exercise of its discretion, the Court finds that a stay is

10  unwarranted.  Therefore, Defendant TT's motion for stay is **DENIED**.

11  **IT IS SO ORDERED**.

12  **Date: October 25, 2012**

                                                    **YVONNE GONZALEZ ROGERS**
                                                    **UNITED STATES DISTRICT COURT JUDGE**